**Lina M. KELLER, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. 65 Civ. 2287.**

United States District Court
S. D. New York.
April 4, 1966.

Lina M. Keller, pro se.

Robert M. Morgenthau, U. S. Atty., S. D. N. Y., for defendant, Judith Nochimson, Asst. U. S. Atty., of counsel.

LEVET, District Judge.

Motion by defendant for judgment on the pleadings.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary that plaintiff had not withdrawn her application for old-age insurance benefits in the manner prescribed by law, and that she was not entitled to a revision of her primary insurance amount.

Plaintiff was born on January 9, 1900. She filed application for old-age insurance benefits on November 15, 1962. Since plaintiff was under the age of 65 at that time, such filing represented an election on her part to accept social security benefits at a rate below that to which she would have been entitled had she elected to defer seeking such benefits until she reached 65. Social Security Act, § 202(q), 42 U.S.C. § 402(q). On the basis of this application plaintiff be-

came entitled to, and received monthly social security checks at the reduced rate of $104.90 (Tr. 57)[1] for 18 months, through June 1964 (Tr. 60).

On August 22, 1964, after several contacts with the Social Security Administration, plaintiff requested, by letter, that the effect of her previous acceptance of social security payments at the reduced rate be "wiped out" so that her benefit rate could be raised to $121 per month, the rate to which she would have been entitled had she not elected to file for old-age insurance benefits prior to age 65.

The only method by which the benefit rate of an individual who has been receiving such reduced benefits can be raised to the full (over 65) rate is by withdrawal of the original application and the filing of a new application for payments to begin not before age 65, in accordance with 20 CFR § 404.615 which was issued pursuant to the Social Security Act, 42 U.S.C. §§ 404, 405(a). Section 404.615 provides in pertinent part as follows:

"(b) After adjudication of application.—An application for monthly benefits * * * may be withdrawn by a written request filed after the date the Administration makes a determination on the application, provided that:

* * * * *

"(3) There is repayment of the amount of benefits previously paid because of the application that is being withdrawn or it can be established to the satisfaction of the Administration that repayment of any such amount is assured.

"(c) Effect of withdrawal of application or request.—Where a request for withdrawal of an application or for withdrawal of a request for revision of an earnings record is filed and such request for withdrawal is approved by the Administration, such application or request for revision will be deemed not to have been filed. After the withdrawal (whether made before or after the date the Administration makes a determination), further action will be taken by the Administration, except as provided in § 404.615(a), only upon the filing of a new application or request for revision."

This regulation seems quite reasonable. I cannot say that it conflicts with the statutory scheme, or is arbitrary. Plaintiff has not repaid the amounts received under her November 15, 1962 application. She offers, however, to waive payment of all benefits until July, 1966, some 18 months after her 65th birthday, in return for later payments at the full rate. Defendant has rejected this offer, and I believe he has done so properly.[2]

Plaintiff resumed work prior to her 65th birthday and has continued to work after it. She has not received any social security benefits after her resumption of work, nor does she claim any right to receive such benefits, in light of the size of her yearly salary ($6,000). Thus, plaintiff desires to waive payments which she has no right to receive in any event. This sort of "repayment" is surely illusory. (See Tr. 38–49) Moreover, no assurance exists that the amount involved herein will ever be repaid.

Having examined the transcript and the pleadings, I conclude that defendant is entitled to judgment affirming the decision which this action was brought to review.

Decision affirmed.

So ordered.

---

1. "Tr." refers to transcript.

2. Cf. Guthrie v. Flemming, 273 F.2d 491 (4th Cir. 1959) (under prior regulation).